# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Jacqueline Wayne, )
        Movant, )
vs. ) No. 05-1256-CV-W-FJG
United States of America, ) Crim. No. 04-0056-01-CR-W-FJG
        Respondent. )

## ORDER

      Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Doc. #1), filed December 16, 2005. The Court finds that it has jurisdiction over this matter.

      Defendant entered a plea of guilty on January 7, 2005. Sentencing hearing was held on May 12, 2005, and the order of judgment and commitment was entered on May 16, 2005. Defendant did not file a direct appeal of her sentence.

      The issues raised by movant focus on whether or not defense counsel's representation fell below an objective standard of reasonableness and movant was thereby prejudiced.

      Strickland v. Washington, 466 U.S. 668, 687 (1984) held to establish ineffective assistance of counsel, defendant must show: (1) that her counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's errors were prejudicial. The Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that the challenged action might be considered sound trial strategy. The reasonableness of counsel's action is judged from the perspective of counsel at the time of trial and not by hindsight. Lockart v. Fretwell, 506 U.S. 364 (1993). Even if counsel's actions are professionally unreasonable, it may not warrant setting aside the judgment if the error had no effect on the judgment.

      Also pending in this matter is movant's request for certificate of appealability (Traverse of Jacqueline Wayne, Doc. #13), filed March 17, 2006.

      A certificate of appealability will be issued only if the applicant has made a

substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), petitioner has failed to meet this burden. Accordingly, it is ordered that movant's request for certificate of appealability is denied.

## JUDGMENT

The Court has reviewed movant's motion (Doc. #1), respondent's opposition (Doc. #10, filed February 1, 2006), movant's traverse (Doc. #13, filed March 17, 2006), and respondent's reply (Doc. #14, filed March 21, 2006) and finds that movant's allegations are without merit. Respondent's opposition and reply (Docs. #10 and #13) presents a thorough legal analysis of the issues raised by movant. This Court adopts and incorporates by reference herein that analysis as its own.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed December 16, 2005, is hereby denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record.

Movant's request for certificate of appealability (Traverse of Jacqueline Wayne, Doc. #13), filed March 17, 2006, is denied for the reasons set forth herein.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: April 18, 2006
Kansas City, Missouri